ARNOLDO CASILLAS, SBN 158519
CHRISTIAN F. PEREIRA, SBN 251599
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA
Telephone: (562) 203-3030
Facsimile: (323) 725-0350
Email: acasillas@casillaslegal.com
cpereira@casillaslegal.com

Attorneys for Plaintiffs Estate of Gustavo Najera,
Alejandro Najera and Maria Magdalena Pliego

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GUSTAVO NAJERA, by and through successors in interest, ALEJANDRO NAJERA and MARIA MAGDALENA PLIEGO, and ALEJANDRO NAJERA and MARIA MAGDALENA PLIEGO, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM, GERMAN ALVAREZ and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Excessive Force/Unreasonable Seizure (42 U.S.C. § 1983)**<br>2. **Municipal Liability for Unconstitutional Customs and Practices (42 U.S.C. § 1983)**<br>3. **Substantive Due Process Violation (42 U.S.C. § 1983)**<br>4. **Assault & Battery**<br>5. **Wrongful Death**<br>6. **Survivorship**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiffs allege as follows:

///

///

1
**COMPLAINT FOR DAMAGES**

## I.
## INTRODUCTION

1. This is a civil rights lawsuit filed on behalf of Plaintiffs Alejandro Najera and Maria Magdalena Pliego for the killing of their son Gustavo Najera. This lawsuit seeks to establish the true and unequivocal facts regarding the shooting and killing of Gustavo Najera by Anaheim Police Officer German Alvarez.

2. Gustavo Najera was not a threat to anyone, did not have a weapon and did nothing to threaten Anaheim Police Officer German Alvarez when Officer Alvarez shot and killed him.

3. Officer German Alvarez was wearing a body camera at the time of the shooting and the Anaheim Police Department refused to turn-over the video footage.

## II.
## PARTIES

4. At all relevant times, the decedent Gustavo Najera was an individual residing in the City of Anaheim, County of Orange, California. The claims made by the ESTATE OF GUSTAVO NAJERA, are brought pursuant to California Code of Civil Procedure § 377.32. by Gustavo Najera's successors in interest, Alejandro Najera and Maria Magdalena Pliego.

5. Plaintiffs ALEJANDRO NAJERA and MARIA MAGDALENA PLIEGO are and were, at all times relevant hereto, residents of the City of Anaheim, County of Orange, California and are the natural mother and father of decedent Gustavo Najera.

6. Defendant CITY OF ANAHEIM (hereafter sometimes referred to as "CITY"), is and, at all times mentioned herein, was a public entity, duly

organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

7. The Anaheim Police Department (hereinafter "APD") is a subdivision of Defendant CITY OF ANAHEIM.

8. Defendant GERMAN ALVAREZ (hereafter "ALVAREZ") is a law enforcement officer working for the APD. He is sued in his official and individual capacity. At all times relevant to the present action, Defendant ALVAREZ was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and the APD, as well as under the color of the statutes and regulations of the State of California.

9. At all relevant times, each of DOES 1 through 10 were employees of the CITY. At all times relevant herein, each of DOES 1 through 10 was an employee and/or agent of Defendant CITY and he or she acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and the APD, as well as under the color of the statutes and regulations of the State of California.

10. At all relevant times, each of the Defendants DOES 1 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of CITY and are sued in their individual capacities.

11. On information and belief, at all relevant times, Defendant ALVAREZ and DOES 1 through 10, inclusive, were residents of the COUNTY OF ORANGE, California.

12. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

13. Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by: authorizing, acquiescing or failing to take action to prevent the unlawful conduct; promulgating policies and procedures pursuant to which the unlawful conduct occurred; failing and refusing, with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and maintain adequate training or supervision; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

////

## III.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Orange, California.

16. With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## IV.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Gustavo Najera was unarmed and not a threat to anyone on February 9, 2016, when he is shot in the head by APD Officer Defendant ALVAREZ. The shooting took place at Sage Park 1313 W. Lido Place, Anaheim, CA, at around 12:30 a.m. Mr. Najera died later that day from the injuries he sustained by Defendant ALVAREZ's shooting.

18. Defendant Alvarez shot Gustavo Najera in front of a small bathroom that had as many as three functioning overhead lights designed to illuminate the area immediately below and around them. In addition to these overhead lights, there were several overhead light towers that are designed to illuminate large spaces like the park. These light towers are approximately 20-30 feet tall and each contain several ballasts which cast bright light throughout the area and specifically where Gustavo Najera was standing

when Defendant ALVAREZ shot him. The area where Mr. Najera was standing before and when he was shot is well-illuminated.

19. The APD's training is insufficient, it creates situations where APD officers prematurely shoot people who pose no threat or danger to them or the public. Prior to the incident which underlies this lawsuit, APD was put on notice of the dangerousness of such training and tactics through repeated incidents where officers had unnecessarily and unjustifiably used deadly force. Such incidents resulted in injury and death to unarmed citizens.

20. The APD failed to develop and implement proper policies, procedures and training regarding the use of force, including deadly force, and proper tactics for approached citizens who are unarmed. As a result of the absences of proper policies, procedures and training, the officers involved in the underlying incident were not prepared to safely deal with the circumstances and improperly used unnecessary and unreasonable force against Mr. Najera.

21. The APD maintains a custom and practice of allowing the use of deadly force on unarmed citizens and of not reprimanding or insufficiently reprimanding its officers for that use of deadly force. When deadly force is used on an unarmed citizen the APD does not properly and thoroughly investigate, interrogate or reprimand the officers involved in the use of deadly force. As a result, the APD ratifies the officers' conduct.

22. The Defendant CITY, through the APD, also negligently hired and retained Defendant ALVAREZ. ALVAREZ had prior instances of excessive force and the APD failed to take reasonable measures to re-train the officer, properly discipline him or to terminate his employment with the police department.

//

**COMPLAINT FOR DAMAGES**

## V.

## FIRST CLAIM FOR RELIEF

### Excessive Force/Unreasonable Seizure

### 42 U.S.C. § 1983

### Against Defendant GERMAN ALVAREZ

23. Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as though fully set forth herein.

24. At the time that Gustavo Najera was shot, he was unarmed, not engaging in, nor had he engaged in, any assaultive or threatening conduct toward anyone. Under the totality of the relevant circumstances that existed, he posed no danger or threat to Defendant ALVAREZ or anyone else.

25. The shooting and killing of Gustavo Najera was unreasonable under the circumstances in every respect.

26. When Defendant ALVAREZ shot and killed Gustavo Najera, he violated Gustavo Najera's right to be free from unreasonable seizures as guaranteed under the Fourth Amendment to the United States Constitution.

27. After being shot by Defendant ALVAREZ, Gustavo Najera endured great physical and emotional pain and suffering.

28. Defendant ALVAREZ's shooting and killing of Gustavo Najera was willful and done with a deliberate disregard for the rights and safety of Gustavo Najera and, therefore, warrants the imposition of punitive damages as to Defendant Alvarez.

///
///
///
///
///

# VI.

## SECOND CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Customs and Practices

### 42 U.S.C. § 1983

**Against Defendants CITY OF ANAHEIM and DOES 1 through 10**

29. Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as though fully set forth herein.

30. On and before February 9, 2016 and prior to the shooting of Gustavo Najera, Defendant CITY and DOES 1 through 10 were aware that Defendant ALVAREZ, and various other APD officers had not received proper and necessary training as outlined above. In addition, the APD had an improper custom and practice as outlined above.

31. Defendants CITY and DOES 1 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs and decedent, and of persons in their class, situation and comparable position, knowingly allowed the conduct outlined above.

32. By reason of the aforementioned lack of training or custom and practice, Gustavo Najera was severely injured, subjected to pain and suffering and was killed.

33. Defendants CITY and DOES 1 through 10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient practice and custom alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such custom and practice. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these

custom/practice with respect to the constitutional rights of decedent, Plaintiffs, and other individuals similarly situated.

34. This practice and custom implemented and maintained and still tolerated by Defendant CITY was affirmatively linked to and was a significantly influential force behind the injuries of decedent and Plaintiffs.

35. By reason of the aforementioned acts and omissions Gustavo Najera was killed and his parents suffered the loss of his love, affection, society and moral support.

36. Accordingly, Defendant CITY and DOES 1 through 10 are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

## VII.
## THIRD CLAIM FOR RELIEF
## Interference with Familial Integrity
## Substantive Due Process Violation
## 42 U.S.C. § 1983
## Against Defendants CITY, ALVAREZ and DOES 1 through 10

37. Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as if fully set forth herein.

38. The present claim is brought pursuant to 42 U.S.C. § 1983, for violation of the right of familial integrity guaranteed by the Fourteenth Amendment of the United States Constitution.

39. As alleged above, the shooting of Gustavo Najera was unreasonable under the circumstances of the encounter between Gustavo Najera and Defendant ALVAREZ.  As such, the shooting and killing of Gustavo Najera violated the constitutional limits on police use of deadly force; i.e., the Fourth Amendment's limits on unreasonable seizures.

**COMPLAINT FOR DAMAGES**

40. At the same time, the shooting and killing of Gustavo Najera by Defendant ALVAREZ violated the rights of Plaintiffs ALEJANDRO NAJERA and MARIA MAGDALENA PLIEGO to be free from police interference in their relationship with Gustavo Najera.

41. The unreasonable conduct of Defendant ALVAREZ was the direct and proximate cause of the death of Gustavo Najera.  As a result of the unreasonable conduct of Defendant ALVAREZ, Plaintiffs ALEJANDRO NAJERA and MARIA MAGDALENA PLIEGO lost Gustavo Najera as well as his love, affection, society and moral support.

42. Defendant ALVAREZ's shooting and killing of Gustavo Najera was willful and done with a deliberate disregard for the rights and safety of Gustavo Najera and therefore warrants the imposition of punitive damages as to Defendant ALVAREZ.

43. Defendant ALVAREZ's shooting and killing of Gustavo Najera was willful and done with a deliberate disregard for the rights of Plaintiffs ALEJANDRO NAJERA and MARIA MAGDALENA PLIEGO and therefore warrants the imposition of punitive damages as to Defendant ALVAREZ.

## VIII.
## FOURTH CLAIM FOR RELIEF
## BATTERY
### Against Defendants ALVAREZ, CITY and DOES 1 through 10

44. Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as if fully set forth herein.

45. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

46. Defendant ALVAREZ assaulted and battered Gustavo Najera, as plead above, when said Defendant acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Gustavo Najera by unreasonably and unjustly shooting and killing Gustavo Najera.

47. These acts were undertaken by Defendant ALVAREZ intentionally and without justification.

48. As a result of these deliberate and unjustified acts undertaken by Defendant ALVAREZ, Gustavo Najera endured great physical and emotional pain and suffering.

49. These deliberate and unjustified acts undertaken by Defendant ALVAREZ were willful and done with a deliberate disregard for the rights and safety of Gustavo Najera and, therefore, warrant the imposition of punitive damages as to Defendant ALVAREZ.

50. Defendant CITY is liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of respondeat superior, codified at California Government Code §§ 815.2 and 820.

## IX.
## FIFTH CLAIM FOR RELIEF
## WRONGFUL DEATH
**Against Defendants CITY and ALVAREZ, and DOES 1 through 10**

51. Plaintiffs repeat and re-allege each and every allegation above of this Complaint with the same force and effect as though fully set forth herein.

52. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

11
**COMPLAINT FOR DAMAGES**

53. Defendant ALVAREZ, while working as law enforcement officer for the Defendant CITY, and acting within the course and scope of his duties, employed negligent tactics and intentionally and/or without due care shot Gustavo Najera. The shooting resulted as a result of Defendant ALVAREZ'S unsafe, improper and negligent tactics. As a result of these intentional acts and negligence, Gustavo Najera suffered serious injuries and lost his life. Defendant ALVAREZ had no legal or reasonable justification for his actions.

54. As a proximate result of the acts and omissions of Defendant ALVAREZ, Gustavo Najera suffered serious injuries and lost his life as alleged above.

55. Defendant ALVAREZ received inadequate training from the Defendant CITY through the APD in the proper use of firearms and tactics. As a direct and proximate result of this failure to provide such adequate firearms and tactics training to Defendant ALVAREZ, the shooting of Gustavo Najera occurred, causing the present Plaintiffs the losses and injuries herein complained of.

56. At no time, either prior to the employment of Defendant ALVAREZ, or to the assignment of this Defendant to duties whereby it was foreseeable that said Defendant would be required to use his firearm or use force, did Defendant CITY take reasonable steps to ascertain whether Defendant ALVAREZ was psychologically capable of performing such duties and whether he had a propensity towards violence or toward over-reaction in typical encounters with the public. To the contrary, Defendant CITY was aware of various instances where Defendant ALVAREZ unnecessarily and recklessly drew his firearm and used excessive force. Despite knowledge of such propensity, the Defendant CITY failed to take action to discipline or train Defendant ALVAREZ to correct this propensity. Instead,

12
**COMPLAINT FOR DAMAGES**

Defendant CITY carelessly allowed Defendant ALVAREZ to continue to encounter members of the public in the course of his duties. As a direct and proximate result of this failure to use due caution and care in the selection, training, and retention of Defendant ALVAREZ, Gustavo Najera lost his life, causing the present Plaintiffs the losses and injuries here alleged.

57. Defendant CITY also negligently retained Defendant ALVAREZ when it was known or should have been known by the CITY that said Defendants had on prior occasions created violent confrontations resulting in serious injury or death.

58. At the time of the death of Gustavo Najera, Defendant CITY negligently and carelessly had in place, and had ratified customs and practices which permitted their sheriff's deputies while on duty and while off duty to shoot persons unjustifiably, unreasonably and in violation of civil rights.

59. Said policies, procedures, customs and practices also called for Defendant CITY not to meaningfully discipline, prosecute or in any way deal with or respond to known incidents, complaints, and instances of the deliberate and reckless creation of violent confrontations by law enforcement officers of the APD.

60. Said Defendants negligently and carelessly maintained an inadequate system of firearm discharges, which failed to identify instances of improper use of firearms, as well as Defendants' failure to more closely supervise or retrain deputies, such as Defendant ALVAREZ, who in fact improperly deployed such tactics resulting in severe injuries or death.

61. Other systemic deficiencies which indicated, and continue to indicate, a careless disregard by Defendant CITY to the violations of the civil rights by the officers of the APD, include:

a. preparation of investigative reports designed to vindicate the use of firearms, regardless of whether such acts were justified,

b. preparation of investigative reports which uncritically rely solely on the word of officers involved in the aforementioned confrontations and which systematically fail to credit testimony by non-officer witnesses,

c. preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the involved officers,

d. issuance of public statements exonerating officers and other personnel involved in such incidents prior to the completion of investigations of such incidents,

e. failing to disclose to the public the evidence that would help establish what occurred on the relevant date, including not releasing body camera footage and policies related to body cameras.

62. Said negligent customs and practices of Defendant CITY evidenced a deliberate indifference to the unnecessary shooting of persons such as Gustavo Najera by the failure to change, correct, revoke, or rescind said customs and practices, and tactic and weapons training in light of prior knowledge by said Defendants of indistinguishably similar incidents of contact with persons who are mentally or emotionally unstable, emotionally distraught and otherwise psychologically incapacitated where tactics and firearm use caused death or serious bodily injury to such persons.

63. The foregoing acts, omissions, and systemic deficiencies are practices and customs of said Defendants and such caused Defendant ALVAREZ to be unaware of the rules and laws governing permissible use of firearms while on duty and off duty and to believe that firearm discharges are entirely within the discretion of the officer and that improper discharges would not

be honestly and properly investigated, all with the foreseeable result that Defendants' deputies would use deadly force in situations where such force is neither necessary, reasonable nor legal, thereby violating the civil rights of the citizens of this state.

64. As a result of the aforementioned negligent and intentional acts, omissions, systematic deficiencies, customs and practices of Defendant CITY, the present Defendant ALVAREZ shot Gustavo Najera without justification, thereby killing him.

65. As a direct and proximate result of the conduct of Defendants ALVAREZ as alleged above, Gustavo Najera suffered serious injuries and was killed. Plaintiffs have been deprived of the life-long love, affection, comfort, and society of Gustavo Alvarez, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs were further caused to pay funeral and burial expenses as a result of the conduct of Defendants.

66. Defendant CITY is vicariously liable for the wrongful, intentional and/or negligent acts of Defendants ALVAREZ pursuant to California Government Code § 815.2 and 820, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## X.
## SIXTH CLAIM FOR RELIEF
## SURVIVORSHIP
### Against Defendants CITY, ALVAREZ and DOES 1 through 10

78. Plaintiffs repeat and re-allege each and every allegation in this Complaint with the same force and effect as though fully set forth herein.

67. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

68. Plaintiffs ESTATE OF GUSTAVO NAJERA, by and through successors in interest, ALEJANDRO NAJERA and MARIA MAGDALENA PLIEGO, are the legal heirs and successors in interest of Gustavo Najera, and the present claim is brought by them as the legal heirs and successors in interest of Gustavo Najera as permitted by of the California Code of Civil Procedure § 377.30.

69. On February 9, 2016, Gustavo Najera lost his life and causes of action arose in his favor before he died. Gustavo Najera would have been a Plaintiff in this action, had Defendant ALVAREZ not shot and killed him.

70. On February 9, 2016 and for a measurable period of time before the death of Gustavo Najera, personal property of his was damaged or destroyed, and while alive said decedent had valid claims and causes of action to recover damages for, among other things, personal property damage, and prejudgment interest as allowed by law and costs of suit.

71. The conduct of all the Defendants as herein set forth above was tortious in that, among other things, Defendant ALVAREZ deliberately shot Gustavo Najera without cause or justification, or otherwise contributed to the shooting as spelled out herein above.

72. Said conduct was the direct and proximate cause of the damages suffered by decedent Gustavo Najera, as alleged above, which were sustained and incurred for a measurable period of time by his before heis death. Plaintiffs, therefore, seek recovery for personal property damages, and all other related expenses, damages, and losses, including punitive damages, as

**COMPLAINT FOR DAMAGES**

permitted by Code of Civil Procedure § 377.34, against the present non-government entity Defendants, according to proof at trial.

## XII.

## PRAYER FOR RELIEF

73. WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, including pre-death pain and suffering damages, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and State of California, in an amount to be determined at trial;

B. For punitive damages against Defendant ALVAREZ pursuant to 42 U.S.C. § 1983, and any other applicable laws or status, in an amount sufficient to deter and make an example of each non-government entity Defendant;

C. For a permanent injunction against an unlawful custom and practice.

D. For prejudgment interest to be determined at trial;

E. For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: July 5, 2016         CASILLAS & ASSOCIATES

By _____/S/Christian F. Pereira_____
ARNOLDO CASILLAS
CHRISTIAN F. PEREIRA
Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Dated: July 5, 2016                    CASILLAS & ASSOCIATES

                                       By _____/S/Christian F. Pereira_____
                                           ARNOLDO CASILLAS
                                           CHRISTIAN F. PEREIRA
                                           Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES**